T.C. Summary Opinion 2009-151

UNITED STATES TAX COURT

JACK A. & LETTIE G. WHEELER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25087-08S.                    Filed September 28, 2009.

<u>Alan C. Housholder</u>, for petitioners.

<u>Lynette Mayfield</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,070 in petitioners' Federal income tax for 2005. The issue for decision is whether Jack A. Wheeler (petitioner) has substantiated deductible vehicle expenses as required under sections 274(d) and 280F(d)(4).

## Background

Petitioners resided in Tennessee at the time that they filed their petition. During 2005 petitioner represented a laboratory that provided testing for clinics performing renal services, including dialysis, to patients. Petitioner's employment required him to make sales and service calls on customers. Petitioner used his personal vehicle in calling on customers. Petitioner did not maintain any logs reflecting his business use of a vehicle or any other contemporaneous records of his vehicle expenses.

On Schedule C, Profit or Loss From Business, attached to petitioners' Form 1040, U.S. Individual Income Tax Return, for 2005, petitioners reported no income but deducted $19,420 as car and truck expenses. Petitioner prepared the return for 2005. Respondent disallowed the claimed deduction and made corresponding adjustments increasing the taxable portion of

petitioners' Social Security benefits and reducing deductible medical expenses.

In their petition and at trial, petitioners reduced the amount claimed for car and truck expenses to $4,841, based on a proposed amended Form 1040 and an amended Schedule C prepared by petitioners' counsel. Attached to the proposed amended Form 1040 were a Schedule A, Itemized Deductions, which included a deduction for employee business expenses, and a Form 2106-EZ, Unreimbursed Employee Business Expenses, but neither form separately identified any vehicle expenses. The reduced claim was based on reconstructed mileage for weekly visits to two labs and monthly and less frequent but regular visits to other customers or potential customers of petitioner's employer.

## Discussion

Petitioner and a representative of one of his customers testified at trial. Their testimony was to the effect that petitioner made business calls on certain customers at various intervals, and they estimated the mileage to the customer's places of business from some unspecified locale. Petitioner offered a reconstructed schedule of "examples" of business calls he made on behalf of his employer during 2005, including estimates that he visited certain customers 1-1/2 times per week. Petitioners' counsel acknowledged that the reconstructed mileage was employee business expense, rather than Schedule C expense,

and relied on the proposed amended return as stating petitioners' position.

Respondent objected to the testimony, to any discussion of the amended return, and to the reconstruction that did not relate to the amounts claimed on the original Schedule C. Respondent asserts that the proposed amended return was not filed and was "simply a settlement negotiation offer [and] inadmissible."

From the time the petition was filed, it was apparent that petitioners were not relying on the Schedule C filed with their original return for 2005. If they adequately substantiated deductible vehicle expenses that should have been claimed as employee business expenses, the expenses might be allowable as itemized deductions subject to the limitations on that category of expenses. See secs. 67 and 68. Petitioners elected the small tax case procedure under Rule 171 when they filed their petition, and evidence having probative value is admissible under Rule 174(b). The testimony of petitioner and his witness had probative value in explaining petitioner's business use of his vehicle. Respondent's objections based on the difference between the original Schedule C and the reduced claim are not well founded, and they are overruled.

On the other hand, we cannot accept petitioners' counsel's argument that Rule 174(b) relaxes the standards of evidence of

deductible business expenses subject to the section 274(d) requirement of substantiation by adequate records. A passenger vehicle is listed property under section 280F(d)(4). Thus deductions are disallowed unless the taxpayer adequately substantiates the amount of the expense; the time and place of business use of the vehicle; and the business purpose of the travel. These rules were adopted to preclude estimates based solely on a finding that some deductible business expenses were incurred, as allowed in other contexts. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). The statutory standard of adequacy of evidence is not modifiable by a rule regarding admissibility of evidence, such as Rule 174(b).

Petitioner admitted during trial that he did not keep a log of the mileage for business or other use of his vehicle, and he did not have any contemporaneous records that would corroborate his reconstruction. He testified only that some motel or gas receipts had been misplaced. We are not persuaded that petitioner ever had adequate records to substantiate either the $19,420 claimed on his filed return or the lesser amount of $4,841 claimed at trial. The disparity in these claims casts doubt on the reliability of petitioner's recollections in reconstructing the events of 2005.

Petitioner has adequately explained and corroborated the business purpose of his calls on customers during 2005. He has not, however, adequately substantiated the time or date and number of trips taken. His reconstruction is based on estimates and averages; obviously he did not make 1-1/2 trips in a week. His reconstruction based on weekly trips in each of 52 weeks or monthly trips in each of 12 months in 2005, without any indication of the day of the week or month on which he made those trips, is unreliable.

We give no weight to the proposed amended return prepared by petitioners' counsel, beyond the concession of reduced business mileage. The proposed amended return contains inconsistencies and obvious errors; it also sets forth other unexplained deductions that are not in issue here. Thus we need not resolve the dispute between the parties about whether the amended return was filed.

The other adjustments made in the statutory notice are automatic, and petitioners have given us no reason to believe that they are erroneous. For the foregoing reasons,

<u>Decision will be entered for respondent</u>.